# EXHIBIT "B"

RECEIVED

CLAIM# 30818 SUM# 19-037

APR 16 2019

CLERK OF THE BOARD OF SUPERVISORS
COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

BY_____
            Deputy

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 1 6 2019

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

KOHL'S DEPARTMENT STORES, INC., COUNTY OF RIVERSIDE
AND DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LARISA WASHINGTON; individually and as the successor-in-Interest
to THE ESTATE OF RODERICK D. WILLIAMS, Jr.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* RIVERSIDE HISTORIC COURTHOUSE CALIFORNIA MCC<br>4050 MAIN STREET<br>RIVERSIDE, CALIFORNIA 92501          SOUTHWEST JUSTICE CENTER | CASE NUMBER:<br>*(Número del Caso):*<br>**1900058** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SAMUEL OGBOGU, ESQ., SBN156427, 4311 WILSHIRE BLVD., #308, L.A. CA 90010 (213) 624-1500

| DATE:<br>*(Fecha)* JAN 1 6 2019 | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*  County of Riverside

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 4/16/19

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RECEIVED RIVERSIDE COUNTY
CLERK/BOARD OF SUPERVISORS
2019 APR 16  PM 12: 28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA 92563
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE (CRC 3.722)

WASHINGTON V KOHL'S DEPARTMENT STORE,INC

CASE NO. MCC 1900058

This case is assigned to the Honorable Judge Angel M. Bermudez
in Department S302 for ALL PURPOSES.

The Case Management Conference is scheduled for 07/15/19
at 8:30 in Department S302.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing. See
CA Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 01/16/19                    Court Executive Officer/Clerk

                                   By:

                                   MELISSA RIVERE, Deputy Clerk

ac:cmcs



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☒ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta  CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and Address):
Samuel O. Ogbogu, Esq.  SBN: 156427
SAMUEL OGBOGU, INC.
4311 Wilshire Boulevard, Suite 308
Los Angeles, California 90010
TELEPHONE NO. (213)624-1500     FAX NO. (Optional): (213)624-9476
E-MAIL ADDRESS (Optional): sogboguinlaw@aol.com
ATTORNEY FOR (Name): PLAINTIFF, LARISA WASHINGTON

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 1 6 2019

PLAINTIFF/PETITIONER: LARISA WASHINGTON

DEFENDANT/RESPONDENT: KOHL'S DEPARTMENT STORES, INC.

CASE NUMBER:
MCC 1900058

CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: _____ CA 92584 _____

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  JANUARY 15, 2019

SAMUEL O. OGBOGU, ESQ
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)            ▶

(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 03/15/13]
[Effective Nov. 04/05/09]

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfilinglocation_index

1   Samuel O. Ogbogu, Esq. (SBN #156427)
2   SAMUEL OGBOGU, INC.
    A Law Corporation
3   4311 Wilshire Boulevard Suite 308
    Los Angeles, CA 90010
4   Telephone: (213) 624-1500
    Facsimile: (213) 802-2946
5   Email: sogboguinclaw@aol.com

6   Peter Nwosu, Esq., (SBN # 264322)
    LAW OFFICES OF PETER NWOSU
7   8383 Wilshire Boulevard Suite 845
    Beverly Hills, California 90211
8   Telephone:   (323) 852-4700
    Facsimile:   (323) 852-4701
9

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 1 1 2019

J. Valdez

FILE BY FAX

10   Attorney for Plaintiff, Larisa Washington for herself and as
     Successor-in-Interest to the Estate of Roderick D. Williams, Jr.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     FOR THE COUNTY OF RIVERSIDE

14   LARISA WASHINGTON; individually )   Case No.: MCC 1900058
     and as the Successor-in-Interest to THE )
15   ESTATE OF RODERICK D. )
     WILLIAMS, Jr. )                         FIRST AMENDED COMPLAINT
16                                       )   FOR:
                                         )   1. NEGLIGENCE – Wrongful death
17             Plaintiffs,               )   2. SURVIVAL ACTION
                                         )   3. BATTERY (WRONGFUL
18   Vs.                                 )      DEATH)
                                         )   4. VIOLATION OF CALIFORNIA
19   KOHL'S DEPARTMENT STORES, )             CIVIL CODE 52.1
20   INC.; COUNTY OF RIVERSIDE AND )     5. FALSE ARREST AND FALSE
     DOES 1 – 50, inclusive. )              IMPRISONMENT
21                                       )   6. CIVIL RIGHTS 42 U.S.C.1983
22             Defendants                )

23        COMES NOW Plaintiffs, LARISA WASHINGTON; individually and as the

24

25   Successor-in-Interest to THE ESTATE OF RODERICK D. WILLIAMS, JR. and

                        COMPLAINT FOR DAMAGES - 1

file Plaintiff's First Amended Complaint against the defendants and each of them as follows:

**GENERAL ALLEGATIONS**

1.      On January 14, 2018, 38 year-old Roderick D. Williams, Jr. ("Decedent") was pronounced dead by physicians at Loma Linda University Medical Center, Murrieta, in Riverside County, California. Two days prior to his death, on January 12, 2018, Decedent was shopping at Kohl's Department Store, Inc. ("Kohl's") when he was attacked by employees of Kohl's Department Store, Inc., including loss prevention personnel employed by Kohl's. Thereafter, Sheriff Deputies of the County of Riverside responded to the store and decedent was transported in handcuffs from the Kohl's premises to Loma Linda University Medical Center. Decedent reportedly complained of tightness of the hand cuffs and being thirsty. His request for assistance was not heeded. Upon arrival at the hospital, he was found unresponsive in the back of the Sheriff's vehicle. He was brought into the emergency department in full cardiac arrest. He was resuscitated but remained on life support. Subsequently, he was determined to have suffered multi-organ failure and on January 14, 2018, he was pronounced dead.

2.      All attempts by Plaintiff herein to obtain the incident report from the Riverside County Sheriff's Department has been met with refusal. As at the filing of this lawsuit, plaintiff has been unable to obtain the incident report, the

investigate report and information regarding the participants and or detail of the

event that led to the death of Roderick D. Williams, Jr.

3.     Plaintiffs are informed and believe, and based thereon allege, that at

all times herein relevant, Kohl's was the employer of Does 1-20, the unknown

employees , including loss prevention personnel who utilized force on the person

of the decedent and prevented his freedom of movement and inflicted injuries that

resulted in decedent's death.

4.     Plaintiffs are informed and believe, and thereon alleges, that at all

times relevant, Does 21-30, Deputies of the Riverside Sheriff's Department,

ignored decedent's condition when it was apparent that he was in need of medical

attention; failed to observe decedent and the need for urgent medical care such

that at the time they arrived at the hospital, decedent was unresponsive for a

prolonged period. It was further evident from information known to the deputies

that there was no probable cause to detain or arrest Decedent.

5.     Plaintiffs are informed and believe, and based thereon allege, that at

all times herein relevant, Kohl's is a registered  foreign Corporation but licensed

to do business in the State of California. Kohl's owned, managed and controlled

the premises were the incident occurred. The incident as alleged herein occurred

at the Kohl's Store located at 30250 Haun Street, Menifee, California 92584.

6.      Plaintiff, Larisa Washington, at all times relevant herein, is a resident of Los Angeles County, California, and is the surviving spouse of Decedent. Plaintiff, Larisa Washington is required to file a Claim against the County of Riverside. Plaintiff, Larisa Washington filed a claim by mail on July 6, 2018. The claim was rejected on August 8, 2019.

7.      Plaintiff, THE ESTATE OF RODERICK D. WILLIAMS, JR. is represented by and through its successor-in-interest LARISA WASHINGTON pursuant to *Code of Civil Procedure* §§ 377.10, 377.20 and 377.60 and seeks survival cause of action damages against all defendant except the County of Riverside.

8.      Defendant, COUNTY OF RIVERSIDE (hereinafter "**COUNTY**") is a body politic existing under the laws of the State of California, and is the employer of unknown Riverside Deputy Sheriffs, who are sued herein as Does 21-30 and who were in the course and scope of their employment when they did the acts as herein alleged.

9.      Nominal Defendant, TAMMY JOHNSON, IS AN INDIVIDUAL RESIDING IN THE COUNTY OF Los Angeles, State of California and is the alleged mother of decedent, Roderick D. Williams, Jr. Tammy Williams, as mother of decedent, and therefore a proper plaintiff pursuant to Code of Civil Procedure section 377.60(b). Nominal defendant, Tammy Johnson is involuntarily

named herein as a nominal defendant for the unwillingness to join in this action. Nominal defendant, Tammy Johnson has filed a separate action and Plaintiff intends to seek an order relating and consolidating said actions.

10.    Nominal Defendant, DEMAJAY WILLIAMS, was a resident of the County of Los Angeles, State of California, and the alleged minor child of decedent, Roderick D. Williams, an therefore an heir and proper plaintiff pursuant to Code of Civil Procedure section 377.60(b). Nominal defendant, Demajay Williams is in the physical custody of Tammy Johnson and is involuntarily named herein as a nominal defendant for the unwillingness to join in this action. Said nominal defendant has filed a separate action and Plaintiff intends to seek an order relating and consolidating said actions.

11.    Nominal Defendant, DESTINY WILLIAMS, was a resident of the County of Los Angeles, State of California, and the alleged minor child of decedent, Roderick D. Williams, an therefore an heir and proper plaintiff pursuant to Code of Civil Procedure section 377.60(b). Nominal defendant, Destiny Williams is in the physical custody of Tammy Johnson and is involuntarily named herein as a nominal defendant for the unwillingness to join in this action. Said nominal defendant has filed a separate action and Plaintiff intends to seek an order relating and consolidating said actions.

12.     Nominal Defendant, JODI WILLIAMS, was a resident of the County of Los Angeles, State of California, and the alleged minor child of decedent, Roderick D. Williams, an therefore an heir and proper plaintiff pursuant to Code of Civil Procedure section 377.60(b). Nominal defendant, Jodi Williams is in the physical custody of Tammy Johnson and is involuntarily named herein as a nominal defendant for the unwillingness to join in this action. Said nominal defendant has filed a separate action and Plaintiff intends to seek an order relating and consolidating said actions.

12.     The true names, capacities, or otherwise, whether individuals, Corporate, associate, or otherwise, of defendants, Does 1 through 50, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, and will ask leave of court to amend this Complaint when the same have been ascertained; that plaintiffs are informed and believe, and upon such information and belief allege that each defendant designated herein as a "Doe" was responsible either negligently, intentionally or in some other manner, for the events and happenings referred herein, which proximately caused injury and damages to plaintiff, as hereinafter alleged.

13.     Plaintiffs are informed and believes, and based thereon alleges, that at all times herein mention, Kohl's and Does 1-20, inclusive, were agents, servants, employees, employers, successor in interest, partners, and/or joint venturers of

each other and were at all times relevant herein, acting as the employees, agents, officers and/or directors of each other defendants, and were acting within the course and scope of said employment, agency or the relationship. Plaintiffs are informed, and believes, and based thereon allege that each of the defendants, including Kohl's, consented to, ratified, approved and authorized the acts of each of the other defendants as herein alleged.

14.   Plaintiffs are informed and believes, and based thereon alleges, that at all times herein mention, Does 21-30, inclusive, were agents, servants, employees, of the County and were at all times relevant herein, acting as the employees, agents, officers and/or directors of each other defendants, and were acting within the course and scope of said employment, agency or the relationship. Plaintiffs are informed, and believes, and based thereon allege that each of the defendants, including County of Riverside, consented to, ratified, approved and authorized the acts of each of the conducts of other defendants as herein alleged.

15.   At all times mentioned, Doe defendants 21-30, employees of the County of Riverside, acted under color of law, of a statute, ordinance or regulation, custom, or usage in the State of California.

16.   Plaintiffs are required to comply with government claims statute and plaintiffs have complied with applicable claims statutes.

///

## FIRST CAUSE OF ACTION FOR NEGLIGNCE –
## WRONGFUL DEATH AGAINST ALL DEFENDANTS

17.    Plaintiffs re-allege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though fully incorporated herein and made a part hereof.

18.    Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Deputy Sheriffs and/or loss prevention officers have a duty to use reasonable care to prevent harm or injury to others, including Decedent. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary.

19.    Defendants at all times, negligently hired and/or retained the Deputy Sheriffs and/or employees and loss prevention personnel as well as Does 1–50 who utilized unreasonable force and failed to exercise due care in their encounter with Decedent.

20.    Defendants, Does 1-30 breached their respective duties of care as herein alleged. Upon information and belief, the actions and inactions of Defendants Does 1-30 were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to detain, arrest, and use of force or deadly force against Decedent;

(b)    the negligent tactics and handling of the situation with Decedent, including the use of a choke-hold;

(c)     the negligent detention, arrest, and use of force, including deadly force, against Decedent;

(d)     the failure by Kohl's to use due care in the ownership, maintenance, management and control of the premises of Kohl's Department Store where the incident occurred;

(e)     the failure to properly train and supervise employees with appropriate education and training where available to meet the needs of and protect the rights of Decedent;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

(g)     the negligent handling of evidence and witnesses and/or spoliation of evidence;

(h)     the negligent communication of information during the incident; and

(i)     the failure to timely summon medical help for decedent.

21.     As a direct and proximate result of the negligence of the defendants and each of them as set forth above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died as a result thereof.

22.    As a further direct and proximate result of the defendants conduct as herein alleged, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also has been deprived of the love, affection, companionship, comfort, society, support, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. As a further proximate result of the conduct of the defendants as herein alleged, plaintiffs became obligated for various sums of money for the medical, hospital, burial and funeral costs incurred on behalf of the decedent, all in an amount according to proof.

23.    Kohl's is vicariously liable for the acts of defendants Does 1-20.

24.    County is vicariously liable for the acts of Defendants Does 21-30 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

25.    Plaintiffs brings this claims a successor –in-interest to Decedent, and seeks wrongful death and survival damages under this claim.

## SECOND CAUSE OF ACTION FOR SURVIVAL ACTION
## AGAINST ALL DEFENDANTS EXECEPT
## THE COUNTY OF RIVERSIDE

26.    Plaintiffs re-allege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully incorporated herein and made a part hereof.

27.     Defendants at all times, negligently hired and/or retained the employees and loss prevention personnel as well as Does 1–20 who utilized unreasonable force and failed to exercise due care in their encounter with Decedent.

28.     Defendants, Does 1-20 breached their respective duties of care as herein alleged. Upon information and belief, the said Doe Defendants acted negligently and recklessly, including in the following manner:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use of force or deadly force against Decedent;

(b)     the negligent tactics and handling of the situation with Decedent, including the use of a choke-hold;

(c)     the negligent detention, arrest, and use of force, including deadly force, against Decedent;

(d)     the failure by Kohl's to use due care in the ownership, maintenance, management and control of the premises of Kohl's Department Store where the incident occurred;

(e)     the failure to properly train and supervise employees with appropriate education and training where available to meet the needs of and protect the rights of Decedent;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

(g)     the negligent handling of evidence and witnesses and/or spoliation of evidence;

(h)     the negligent communication of information during the incident; and

(i)     the failure to timely summon medical help for decedent.

29.    As a direct and proximate result of the negligence of the defendants and each of them as set forth above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died as a result thereof.

30.    As a further direct and proximate result of the defendants conduct as herein alleged, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also has been deprived of the love, affection, companionship, comfort, society, support, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. As a further proximate result of the conduct of the defendants as herein alleged, plaintiffs became obligated for various sums of money for the medical, hospital, burial and funeral costs incurred on behalf of the decedent, all in an amount according to proof.

COMPLAINT FOR DAMAGES - 12

31.     Kohl's is vicariously liable for the acts of defendants Does 1-20.

32.     Plaintiff brings this claims a successor –in-interest to Decedent, and seeks wrongful death and survival damages under this claim.

### THIRD CAUSE OF ACTION FOR BATTERY
### (WRONGFUL DEATH)
### AGAINST ALL DEFENDANTS

33.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 32 inclusive, as though fully incorporated herein and made a part hereof.

34.     Does 1-20, while working as employees of Kohl's, and acting within the course and scope of their duties, intentionally struck and used excessive and unreasonable force on the person of Decedent, including, on information and belief, the use of a choke hold. As a result of the actions of Does 1-20, Decedent suffered severe pain and suffering and ultimately died from his inquiries. Does 1-20 had no legal justification for using force and or the amount of force used against decedent, and said use of force was unreasonable and unprivileged.

35.     Does 21-30, while working as employees of County, and acting within the course and scope of their duties, intentionally used excessive and unreasonable force on the person of Decedent, including, on information and belief. As a result of the actions of Does 21-30, Decedent suffered severe pain and suffering and ultimately died from his injuries. Does 21-30 had no legal justification for using

force and or the amount of force used against decedent, and said use of force was unreasonable and unprivileged.

36.    Defendant Kohl's is vicariously liable for the wrongful acts of its employees, including Defendants Does 1-20.

37.    As a direct and proximate result of the negligence of the defendants and each of them as set forth above, and other undiscovered intentional conduct, Decedent was caused to suffer severe pain and suffering and ultimately died as a result thereof.

38.    As a further direct and proximate result of the defendants conduct as herein alleged, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also has been deprived of the love, affection, companionship, comfort, society, support, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. As a further proximate result of the conduct of the defendants as herein alleged, plaintiffs became obligated for various sums of money for the medical, hospital, burial and funeral costs incurred on behalf of the decedent, all in an amount according to proof.

39.    County is vicariously liable for the acts of Defendants Does 21-30 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FOURTH CAUSE OF ACTION FOR VIOLATION OF

## CIVIL CODE §52.1 AGAINST ALL DEFENDANTS

40.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 39 inclusive, as though fully incorporated herein and made a part hereof.

41.     California Civil Code §52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

42.     On information and belief, Defendants Does 1-30, while working for the County and Kohl's and acting respectively in the course and scope of their respective duties, intentionally committed and attempted to commit acts of violence against Decedent, including choking him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

43.     When defendants detained, battered and choked Decedent, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to medical care and to be free from state actions that shock the conscience, and to life, liberty and property.

44.     On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Decedent from exercising his civil rights,

to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

45.     On information and belief, Decedent reasonably believed and understood that the violent acts committed by Defendants Does 1-30, were intended to discourage him from exercising the above rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

46.     As such, defendants fully interfered with the above civil rights of Decedent and Plaintiff.

47.     The conduct of the Defendants were a substantial factor in causing Plaintiffs' harms, losses, injuries and damages.

48.     County is vicariously liable for the wrongful acts of Defendants Does 21-30, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the course and scope of the employment if the employee's acts would subject him or her to liability.

49.     Kohl's is vicariously liable for the wrongful conduct of its employees, including Does 1-20 under the doctrine of *respondeat superior*.

50.     Defendants Does 31-50 are vicariously liable under California Law and under the doctrine of *respondeat superior*.

51.     The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's and Plaintiff's rights and safety, justifying an award of exemplary and punitive damages as to Defendants Does 1-30.

52.     Plaintiffs seek attorney's fees under this claim.

## FIFTH CAUSE OF ACTION FOR
## FALSE ARREST/FALSE IMPRISONMENT
### (Against all Defendants)

53.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 52 inclusive, as though fully incorporated herein and made a part hereof.

54.     Does 1-30, while working as employees of Kohl's and/or County, and acting within the course and scope of their duties, intentionally deprived Decedent of his freedom of movement by use of force, menace, threats of force, fraud, deceit, and unreasonable duress. Does 1-30 detained Decedent without reasonable suspicion and arrested him without probable cause.

55.     Decedent did not knowingly or voluntarily consent.

56.     Defendants, Does 1-30, detained Decedent for an appreciable amount of time.

57.     The conduct of Does 1-30 was a substantial factor in causing harm to Decedent.

58.   Defendant Kohl's is vicariously liable for the wrongful acts of its employee Defendants, including Does 1-20.

53.   Defendant County is vicariously liable for the acts of Defendants Does 21-30 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54.   Plaintiffs brings this claims as successor–in-interest to Decedent, and seeks wrongful death and survival damages under this claim.

55.   The conduct of Does 1-30 as alleged herein were willful, malicious, oppressive, and with callous disregard of decedent's rights and safety.  As a result of this conduct, Plaintiffs are entitled to exemplary and punitive damages against all the defendants, except the County.

56.   As a direct and proximate result of Defendants, Does 1-30, as herein alleged, Defendants and each of them are liable for Decedent's injuries, as herein alleged, and as integral participants in the wrongful detention and arrest, or due to their failure to prevent these violations.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983 – FOURTH AMENDMENT - EXCESSIVE FORCE

57.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56, inclusive, as though fully incorporated herein and made a part hereof.

58.    Defendants, Does 1-30, without warning, reasonable or probable cause, or legal justification wrongfully, intentionally and/or recklessly, and/or negligently, and/or unreasonably caused injuries to decedent, Roderick D. Williams, Jr., causing or contributing to his death.

59.    The actions of the security personnel and or the Sheriff Deputies in using excessive force on the person of decedent, was unjustified.

60.    As a direct and proximate result of the conduct of the defendants and each of them as set forth above, the plaintiffs became obligated for various sums of money for the medical, hospital, burial and funeral costs incurred on behalf of the decedent, all in an amount according to proof.

61.    As a result of the above-alleged conduct, plaintiff suffered loss of love and affection, support, comfort and society, loss of guidance, solace and loss of companionship, all in an amount according to proof.

62.    As a further result of the acts of the defendants herein described, Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. 1988.

COMPLAINT FOR DAMAGES - 19

63.     The acts of the defendant, Does 1-30 were oppressive, malicious and or fraudulent thus entitling plaintiff to an award of punitive damages pursuant to 42 U.S.C. 1983 and under C.C.CP. 377.34.

**PRAYER FOR RELIEF**

WHEREOF, Plaintiff Larisa Washington, individually and as a successor-in-interest to Roderick D. Williams, deceased, requests entry of judgment in her favor and against Defendants, Kohl's Department Stores, Inc., County of Riverside, and Does 1-50, inclusive, as follows:

A.     For compensatory damages in amount proven at trial, including both survival damages and wrongful death damages;

B.     For funeral and burial expenses and loss of financial support;

C.     For punitive damages against all defendants, except the County of Riverside, in an amount according to prove at trial;

D.     For Statutory Damages;

E.     For interest;

F.     For reasonable attorney fees, including litigation expenses as to the Fourth and Seventh causes of action;

G.     For costs of suit herein; and

H.     For such further other relief as the Court may deem just, proper and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands for trial by Jury on all issues.

Dated: 04/07/2019                                         SAMUEL OGBOGU, INC. A.P.L.C.

                                                    By: _____
                                                         SAMUEL OGBOGU, ESQ.
                                                         Attorney for Plaintiffs,
                                                         Larissa Washington, et al.

COMPLAINT FOR DAMAGES - 21

## DECLARATION OF LARISA WASHINGTON

I, LARISA WASHINGTON, certify and declare that I have personal knowledge of facts herein stated except those made upon information and belief.

1.      The decedent is Roderick D. Williams, Jr.

2.      Decedent died on January 14, 2018 at Loma Linda University Medical Center, located at 28062 Baxter Road, Murrieta, California 92563, in the County of Riverside.

3.      The incident as alleged herein occurred at the Kohl's Store located at 30250 Haun Street, Menifee, County of Riverside, California 92584.

4.      No proceeding was filed and no proceeding is now pending in California for administration of the decedent's estate.

5.      The affiant, Larisa Washington, is the surviving spouse of Decedent, Roderick D. Williams, Jr., Decedent had only three children, namely, Demajay Williams, Destiny Williams and Jodi Williams, to the knowledge of the affiants or declarants.

6.      The affiant, Larisa Washington is the decedent's successor in interest (as defined in section 377.10 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.

7.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

8.     I affirm or declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 5th day of April 2019 at Los Angeles, California

_____
LARISA WASHINGTON

**PROOF OF SERVICE**

STATE OF CALIFORNIA - COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 4311 Wilshire Blvd., Suite 308, Los Angeles, California 90010.

     On **April 8, 2019,** I served the foregoing: **PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing the original in a sealed envelope addressed as follows:

**See Service List**

[x]    (By Mail) I caused such envelope, with postage thereon, fully pre-paid certified mail return receipt, to be placed in the U.S. Mail at Los Angeles, California 90010. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than a day after date of deposit for mailing in affidavit.

[ ]    (By Personal Service) I caused such envelope to be hand-delivered to the addressee, [Service Address below] Attorney for Defendant

[ ]    (By overnight delivery) [F.R.C.P. 5(b)] by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Federal Express for 2-day delivery at 4311 Wilshire Blvd., Suite 308, Los Angeles, California 90010 as is the ordinary business practice

     **STATE.** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.
Executed on April 8, 2019, at Los Angeles, California.



Chris Okereke

---

COMPLAINT FOR DAMAGES - 24

**Service List**

Charles Phan, Esq.,
Hurrell Cantrall LLP
One California Plaza
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071                    Attorneys for the County of Riverside


Randy McMurray, Esq.
Yana G. Henriks, Esq.
McMurray Henriks LLP
5670 Wilshire Blvd., Suite 1450
Los Angeles, California 90036                    Attorneys for Nominal defendants
**(Courtesy Copy)**                              Tammy Johnson; and Demajay
                                                 Williams, Destiny Williams and Jodi
                                                 Williams, Minors, by and through
                                                 their guardian, Tammy Johnson